# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**KATHERINE LONGSTREET COOKE,**                         **PLAINTIFFS**
**et al.**

**V.**                                                                      **NO. 4:16-CV-54-DMB-JMV**

**MERITOR, INC., et al.**                                                     **DEFENDANTS**

## ORDER

This environmental action is before the Court on Stacy Bridges' motion for voluntary dismissal without prejudice. Doc. #331.

### I
### Relevant Procedural History

On July 1, 2016, the plaintiffs in this action filed an amended complaint against Meritor, Inc., Rockwell Automation, Inc., The Boeing Company, and Textron, Inc. Doc. #44. The amended complaint asserts various claims against the defendants arising from pollution allegedly caused by the operation of a manufacturing plant in Grenada County, Mississippi. *Id.* at ¶ 1. The claims include causes of action for property damage and for emotional distress.

On November 9, 2017, Stacy Bridges, one of the plaintiffs, filed a motion to voluntarily dismiss her claims without prejudice. Doc. #331. The defendants filed a joint response on November 22, 2017. Doc. #352. Bridges did not file a reply.

### II
### Analysis

Federal Rule of Civil Procedure 41(a)(2) provides that where, as here, an opposing party has served an answer or a motion for summary judgment and no joint stipulation of dismissal has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that

the court considers proper." Decisions to grant dismissal under Rule 41(a)(2) fall within the discretion of the district court. *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

"[T]here is no single formula for balancing a court's discretion on a Rule 41(a)(2) determination." *Oxford v. Williams Cos., Inc.*, 154 F.Supp.2d 942, 951 (E.D. Tex. 2001). However, "[m]otions for voluntary dismissal generally should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs.*, Inc., 799 F.3d 437, 448 (5th Cir. 2015) (quotation marks omitted). To determine the existence of plain legal prejudice, the Fifth Circuit has cited with approval a four-factor test from the Eighth Circuit under which a court considers: "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 n.3 (5th Cir. 2002) (quoting *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)). In addition to these factors, the Fifth Circuit has considered whether dismissal would cause the non-movant to be stripped of an otherwise available defense, *Phillips v. Ill. Cent. Gulf R.R.,* 874 F.2d 984, 987 (5th Cir. 1989); and whether the dismissal is sought "after an adverse trial court ruling," *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).

### A. Effort and Expense in Preparing for Trial

"Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d

2

352, 360 (5th Cir. 1990). In this case, the defendants contend that they have invested significant effort and expense preparing for trial because:

> This case has been pending before the Court for 19 months …. The parties are days away from completing more than a year of extensive party and third-party discovery, with multiple amended complaints filed and hearings attended. Indeed, discovery in this complex environmental contamination case involves multiple sets of parties, covers many decades, and requires costly expert reports and environmental surveys ….

Doc. #352 at 4–5.

This Court agrees that, for the above reasons, the defendants have invested significant effort and expense into this case and that, therefore, the first factor weighs against dismissal without prejudice. *See Dow Chem.*, 343 F.3d at 330 (affirming denial of voluntary dismissal where "[b]oth sides had filed responsive pleadings in addition to motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing[ and t]he parties had attended several conferences for purposes of scheduling discovery.").

### B. Excessive Delay and Lack of Diligence

Under the second factor, "the court must look at whether the plaintiff has demonstrated *excessive* delay and lack of diligence in prosecuting this action as a whole." *Hisler v. Gallaudet Univ.*, 344 F.Supp.2d 29, 38 (D.D.C. 2004) (quotation marks omitted). Here, the defendants identified no excessive delay or lack of due diligence on the part of Bridges in prosecuting this action. Accordingly, this factor weighs in favor of voluntary dismissal.

### C. Insufficient Explanation

In seeking voluntary dismissal, Bridges submits that "[a]fter the instant suit was filed, [she] deeded away her ownership interest in the subject property to a family member." Doc. #332 at 1. She "requests that the dismissal be without prejudice to refiling the suit in the event circumstances of title change …." *Id*. at 2.

To the extent Bridges no longer owns the allegedly damaged property, it appears her proffered reason may compel dismissal for lack of standing (a dismissal without prejudice)[1] of at least some of the property damage claims asserted in the amended complaint. Under such circumstances, dismissal under Rule 41(a)(2) would be inappropriate. *See In re Fed. Election Campaign Act Litig.*, 474 F.Supp. 1051, 1053 (D.D.C. 1979) ("If a court believes that it is without subject matter jurisdiction, it is inappropriate for that court to engage in the balancing process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised."). Furthermore, to the extent some of the claims, most notably the emotional distress cause of action, are not implicated by the deeding of the property, Bridges has offered no explanation for the requested dismissal. Under these circumstances, the third factor weighs against voluntary dismissal.

### D. Filing of Motion for Summary Judgment

While a pending motion for summary judgment ordinarily weighs against granting a motion for voluntary dismissal, "motions for summary judgment filed after the motion for voluntary dismissal are insufficient to support a finding of prejudice." *Hisler*, 344 F.Supp.2d at 39 (alterations omitted). Here, the defendants filed motions for summary judgment after Bridges filed her motion for voluntary dismissal. The Court finds this factor to be neutral.

### E. Available Legal Defenses and Adverse Ruling

There is no contention that dismissal would strip the defendants of an available legal defense. Additionally, Bridges has not suffered an adverse ruling in this Court. Accordingly, the remaining two factors weigh in favor of dismissal.

---

[1] "[W]hen a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice." *Williams v. Morris*, 614 F. App'x 773, 774 (5th Cir. 2015).

### F. Balancing

In consideration of the relevant factors, particularly the defendants' effort and expense dedicated to this litigation and Bridges' failure to identify a legitimate reason for dismissal, the Court concludes that dismissal would cause the defendants legal prejudice. *See Hartford*, 903 F.2d at 360–61 (legal prejudice may be found based on effort and expense alone when dismissal sought at late stage of litigation). Accordingly, the motion for voluntary dismissal will be denied.

### III
### Conclusion

For the reasons above, Bridges' motion for voluntary dismissal [331] is **DENIED**. Within fourteen (14) days from the date of this order, counsel for Bridges shall file a supplemental brief stating to what extent, if any, Bridges maintains standing to pursue her claims.

**SO ORDERED**, this 15th day of May, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**