**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**KATHERINE LONGSTREET COOKE,** et al.                                           **PLAINTIFFS**

**V.**                                                                       **NO. 4:16-CV-54-DMB-JMV**

**MERITOR, INC., et al.**                                                        **DEFENDANTS**

**ORDER**

On July 2, 2019, Meritor, Inc., Rockwell Automation, Inc., and the Boeing Company (collectively, "Meritor Defendants") filed a motion to enforce a settlement agreement between them and Thyra Craig. Doc. #557. No response to the motion has been filed.

**I**
**Standard**

"[F]ederal courts possess the inherent power to enforce agreements entered into in settlement of litigation …." *Sundown Energy, L.P. v. Haller*, 773 F.3d 606, 611 (5th Cir. 2014). In a diversity case such as this, "the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally." *Id*. Under Mississippi law, "in order for a settlement agreement to be enforced, the party claiming the benefit of enforcement must prove by a preponderance of the evidence that there was a meeting of the minds." *Ill. Cent. R.R. Co. v. Byrd*, 44 So. 3d 943, 948 (Miss. 2010).

In evaluating the movant's burden, enforcement may be ordered summarily when the settlement agreement sought to be enforced was reached in a case pending before the court and so long as there are no "disputed issues of the validity and scope of the agreement." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 390–91 (5th Cir. 1984). Here, because no response to

the motion was filed, and because the motion and accompanying exhibits[1] adequately present the relevant record, the Court finds no disputed issues which would justify an evidentiary hearing.

## II
## Factual Background

On October 12, 2018, United States Magistrate Judge Jane M. Virden noticed a settlement conference for March 5–6, 2019, regarding property damage and personal injury claims in nine separate actions related to the operation of a manufacturing facility in Grenada, Mississippi, by Meritor, Inc., the Boeing Company, Rockwell Automation, Inc., and Textron, Inc. Doc. #504. The notice required that "Counsel, Defendant(s) or Representative(s) with full settlement authority" be in attendance "unless excused by the Court." *Id.* at 1. It further required that the plaintiffs, all residents or former residents of the neighborhood adjacent to the facility, "be available, at least, by telephone on both days." *Id.*

At some point after the mediation, counsel for the Meritor Defendants prepared a Confidential General and Absolute Release Agreement ("Agreement") which required that Craig execute certain release documents dismissing her claims with prejudice in exchange for a sum certain. The Agreement was sent to Craig's counsel. J. Dennis Weitzel and William Liston, both counsel for Craig, agreed to the terms of the Agreement in separate e-mails dated March 29, 2019, and April 1, 2019, respectively.

## III
## Analysis

To establish a meeting of the minds under Mississippi law and, thus, an enforceable contract, "six elements must be present: (1) two or more contracting parties, (2) consideration, (3)

---

[1] The Court authorized the Meritor Defendants to submit additional documents in support of its motion. *See* Doc. #595.

an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *Estate of Davis v. O'Neill*, 42 So. 3d 520, 527 (Miss. 2010) (quotation marks omitted). An agreement to settle a lawsuit may be oral. *See generally WRH Props., Inc. v. Estate of Johnson*, 759 So. 2d 394, 396–97 (Miss. 2000) (considering possibility of oral settlement though finding one did not exist under the facts).

There is no dispute that the Agreement involved two or more contracting parties (the Meritor Defendants and Craig); included adequate consideration (a sum of money in exchange for the release of claims with prejudice); or was sufficiently definite (included a specific sum for each plaintiff). *See O'Neil*, 42 So. 3d at 520.

As to capacity, Mississippi law "presumes that a person is sane and mentally capable to enter into a contract." *Parks v. Parks*, 914 So. 2d 337, 341 (Miss. Ct. App. 2005). Craig has offered no evidence which would rebut this presumption. Accordingly, the capacity requirement has been satisfied.

"The assent of the parties in the formation of a contract must necessarily be gathered from their words, acts and outward expressions." *Hill v. Capps*, 160 So. 2d 186, 190 (Miss. 1964). Assent may be given by an agent of a party. *Heritage Bldg. Prop., LLC v. Prime Income Asset Mgmt.*, 43 So. 3d 1138, 1143 (Miss. Ct. App. 2009). There is no dispute that Liston and Weitzel were acting as Craig's agents or that they expressed assent to the agreement. Accordingly, the assent requirement has also been satisfied.

Finally, Craig has cited no legal prohibition which would preclude the relevant contract formation. Under these circumstances, the Court concludes that Textron has sustained its burden

3

of showing a meeting of minds based on the oral settlement agreement and that, therefore, the motion to enforce must be granted.

## IV
## Conclusion

The Meritor Defendants' motion to enforce settlement [557] is **GRANTED**. Craig is **DIRECTED** to execute within seven (7) days of the date of this order all documents to effectuate the settlement between herself and the Meritor Defendants as set forth in the Agreement.

**SO ORDERED**, this 27th day of November, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**